## BLYDENBURGH v. BOARD OF COMMISSIONERS OF CARBON COUNTY.

Office and Officer — Official Salaries — Suit to Recover by De Jure Officer against County after Payment to De Facto Officer.

1. Payment made by a county to a de facto officer is no defense to an action brought by a de jure officer for the salary of an office to which he has been legally declared entitled from the commencement of the term.

2. Such salary may be recovered, although the incumbent, who had been paid, had been the lawful incumbent for the preceding term, and at the beginning of the term for which the plaintiff had been declared entitled, the former had qualified anew by giving a new bond and taking a new oath of office. The de facto officer did not, for the new term, hold the office by virtue of his election for the preceding term, but by reason of a new certificate issued subsequent to the election for the new term.

[Decided April 24, 1899.]

Reserved questions from the District Court, Carbon County, Hon. David H. Craig, Judge.

The material facts are stated in the opinion. With the exception of the seventh reserved question the questions are substantially the same as in the case of Rasmussen v. Board.

*N. E. Corthell*, for plaintiff.

The fact that the incumbent had lawfully held the office during the preceding term can make no difference. After the election in 1896 he qualified anew by taking a new oath and filing a new bond. There can not be two de jure officers in the same office at the same time. If Blydenburgh was the de jure officer, then Chatterton was not. (In other particulars counsel relied upon the briefs in the case of Rasmussen v. Board.)

*F. Chatterton*, for defendant.

Until Blydenburgh qualified, it would, under any circumstances, have been the duty of Chatterton, who was in office the term preceding lawfully, to have held over. A new qualification could not alter the situation; as a holding over even without qualification would have been legal until the qualification of a successor. (People ex rel. v. Henderson, 4 Wyo., 535; Tappan v. Van Horn, 9 Paige, 567; Stratton v. Oulton, 28 Cal., 44; Throop on Pub. Off., 325; 19 Ency. L., 562; 35 L. R. A., 88; 72 Mo., 597; 78 Id., 99; 61 Conn., 287; 45 Minn., 309; 32 W. Va., 419; 64 Mo., 89.) In respect to the other points involved, see brief of counsel in case of Rasmussen v. Board.

KNIGHT, JUSTICE.

The respective parties hereto have at all times agreed that the case of Henry Rasmussen v. the same defendant, presented the same legal contentions, and that a full consideration of that case would virtually determine the issues presented in this, and the cases were presented upon one argument in this court. The questions reserved by the district court and sent to this court for its decision are as follows:

1. Where by reason of illegal votes having been received and counted for him, one who receives a minority of the legal votes cast for county and prosecuting attorney is, by the county canvassing board, declared elected, and

receives his certificate of election and qualifies, discharges the duties, and receives the salary of the office pending a contest against him by the candidate who receives a majority of the legal votes, is the latter, upon being adjudged entitled to the office from the beginning of the term, entitled also to receive from the county the salary from the beginning of the term for which he was elected?  ·

2. Where, pending an election contest for the office of county and prosecuting attorney, the several members of the board of the county commissioners, with individual knowledge, but not by reason of any formal notice to them, knew of the pendency of such contest, pays the current salary of the office to the incumbent, who is subsequently adjudged not to be entitled to the office and is ousted therefrom, is the successful contestant, upon being installed in the office, entitled to receive from the county the salary of such office from the beginning of the term for which he was elected, he not having performed any of the duties of said office?

3. Where, pending an election contest for the office of county and prosecuting attorney, the several members of the board of the county commissioners, with individual knowledge of the facts upon which the legality of certain votes cast for the incumbent in number determinative of the right to the office, are thereafter declared to be illegal, and the board, under these circumstances, pays the current salary of the office to such incumbent, prior to judgment in said contest, who is subsequently adjudged not to be entitled to the office, and is ousted therefrom because of such illegal votes, is the successful contestant, upon being installed in office, entitled to receive from the county the salary of such office from the beginning of the term for which he was elected?

4. Where, in an election contest case pending for the possession of the office of the county and prosecuting attorney, certain questions of law determinative of the merits of the case, are reserved and certified to the supreme court, and the answers and decision of said court

are in favor of the contestant, and notice of such decision is given to the board of the county commissioners, which thereafter pays to the contestee, an incumbent of such office, the current salary of such office, is the successful contestant, upon being installed in office, entitled to receive from the county the salary of such office, for the time covered by the payment made subsequent to notice of decision as aforesaid?

5.  Where the board of county commissioners, subsequent to judgment in favor of the contestant in an election contest case for the possession of the office of county and prosecuting attorney, and notice to it of such judgment, pays to the contestee, an incumbent of such office prior to the approval of the contestant's official bond, the current salary of the office, is the successful contestant, upon being installed in office, entitled to receive from the county the salary of such office for the period covered by the payments made after notice of judgment as aforesaid?

6.  Is the payment of the salary of the office of the county and prosecuting attorney by the board of the county commissioners to the incumbent of such office, pending an election contest against him for the possession of such office, a sufficient defense to an action by the successful contestant after being installed in office, to recover from the county the salary of such office for the period covered by such payments, he not having performed any of the duties of said office?

7.  Where, pending an election contest case for the possession of the office of county and prosecuting attorney, the board of the county commissioners pays the current salary of the office to the unsuccessful contestee and incumbent, is the county relieved from liabilities to the successful contestant, if otherwise there would be liability by the fact that such incumbent was the lawful incumbent for the preceding term, and at the beginning of the term for which the contest is prosecuted, qualifies anew by giving a new bond and taking a new oath of office?

Plaintiff here, within a reasonable time after being de-

clared by the court entitled to the office, having qualified as required by law and assumed the duties of the office, the exception found in the Rasmussen case does not apply here.

The additional question seven submitted, that the de facto officer here was the prior incumbent of the office, and whether or not as such he is entitled to additional consideration is in our judgment fully answered in People v. Miller, 24 Mich., 458. It is clearly shown here that the de facto officer did not hold the office by reason of his former election, but by reason of a certificate issued to him subsequent to the election of 1896, to which the court found he was not entitled.

Our answer to each question numbered one, two, three, four, and five, is in the affirmative; and to each of the questions numbered six and seven, we answer in the negative.

POTTER, C. J., and CORN, J., concur.